IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORA LEE NEROES, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-02277-G-BK |
| | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff seeks judicial review of the Commissioner's final decision denying her claim for supplemental security income benefits ("SSI") under Title II of the Social Security Act (the "Act"). Pursuant to 28 U.S.C. § 636 and *Special Order 3*, the parties' dispositive motions, Doc. 19; Doc. 20, are before the Court for a recommended disposition.[1] For the reasons that follow, Plaintiff's construed motion for summary judgment should be **GRANTED**, Defendant's *Cross-Motion for Summary Judgment* should be **DENIED**, and the Commissioner's decision should be **REVERSED AND REMANDED** for further proceedings.

**I.   BACKGROUND**

    **A.   Procedural History**

In September 2016, Plaintiff filed an application for SSI, alleging that she was unable to work as of August 1, 2016, due to a variety of medical conditions. Doc. 15-1 at 72-73. After

---

[1] Plaintiff did not abide by the instructions in the Court's *Amended Scheduling Order*, which required her to file a motion for summary judgment. Doc. 18 at 1. In the interest of judicial economy, the Court will construe Plaintiff's "Brief in Support of Complaint," Doc. 19, as a summary judgment motion. Nevertheless, the Court expects full compliance with its orders henceforth or risk having noncompliant pleadings stricken.

Plaintiff's application was denied, she testified in an appeal hearing before an administrative law judge ("ALJ"). Doc. 15-1 at 17-59. In October 2018, the ALJ issued an unfavorable decision. Doc. 15-1 at 100-12. The Appeals Council subsequently denied Plaintiff's request for review, Doc. 15-1 at 6-11, and Plaintiff then filed this action for judicial review pursuant to 42 U.S.C. § 405(g), Doc. 1.

### B. Facts

Plaintiff was 35 years old at the time of the ALJ's decision and has a high school education. Doc. 15-1 at 26, 270. Plaintiff has a scattered employment history, working primarily for staffing companies through the early 2000s, and her Social Security Administration earnings records (the "SSA records") show only $422.31 in earnings from 2011 through 2016. Doc. 15-1 at 264-65. Additionally, Plaintiff's SSA records indicate that in July 2017, she worked at Wal-Mart, earning $1,334.34, and, at some point in 2017, was self-employed, earning $13,491.00, for a combined annual income of $14,825.34 that year. Doc. 15-1 at 265.

During Plaintiff's hearing before the ALJ, Plaintiff denied being self-employed at any point in 2017, and testified that she had not filed a tax return for 2017, despite one being filed under her name. Doc. 15-1 at 21. Plaintiff's non-attorney representative suggested that Plaintiff's self-employment income record was a result of identity theft, and that Plaintiff did not file the tax return or actually earn any income from self-employment. Doc. 15-1 at 22. The representative indicated that he had completed an IRS identity theft form, and the issue was under investigation. Doc. 15-1 at 22-23. The ALJ requested a copy of Plaintiff's 2017 tax return, which the representative agreed to submit. Doc. 15-1 at 22. The ALJ held the record open for seven months after the hearing, but Plaintiff failed to submit the requested documentation. Doc. 15-1 at 105.

Relying on the evidence before her, specifically one page of Plaintiff's SSA records, the ALJ concluded that Plaintiff engaged in substantial gainful activity ("SGA") during the period of January 2017 through December 2017, which was after Plaintiff had applied for SSI. Doc. 15-1 at 105; Doc. 15-1 at 265. Thus, the ALJ concluded that there was no continuous 12-month period during which Plaintiff did not engage in SGA, so Plaintiff was not disabled for purposes of collecting SSI. Doc. 15-1 at 105. The ALJ, therefore, denied Plaintiff's application for SSI benefits. Doc. 15-1 at 100-12.

## II.   APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner uses a sequential five-step evaluation process to determine whether a claimant is disabled. Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id*. As relevant here, at step one, an individual who is working and engaging in SGA is not disabled. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (per curiam) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f)).

Judicial review of the denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. §§ 405(g), 1383(C)(3). "The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to

3

support the Commissioner's decision or finds that the Commissioner made an error of law." *Leggett*, 67 F.3d at 564 (footnotes omitted). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

Nevertheless, an ALJ owes a duty to a social security claimant to develop the record fully and fairly so as to ensure that the ALJ's decision is based on sufficient facts. *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (per curiam). That duty includes obtaining additional evidence when the existing record does not contain all the information the ALJ needs to reach a decision. 20 C.F.R. § 416.920b(b).

## III. ANALYSIS

Plaintiff raises two issues on appeal, namely that (1) the ALJ did not properly develop the record and, thus, the ALJ's SGA determination did not rest on substantial evidence; and (2) the ALJ was unconstitutionally appointed and thus without authority to hear the case in light of the Supreme Court's decision in *Lucia v. S.E.C.*, 585 U.S. __, 138 S. Ct. 2044 (2018). Doc. 19 at 1. Because resolution of the first issue warrants a remand, the Court need not consider the second issue.[2]

---

[2] For reference, the Fifth Circuit has not addressed the Appointments Clause issue, but the majority of courts in this circuit have held that social security claimants must first raise the issue in the administrative proceedings before doing so in federal court. *See, e.g.*, *Parsons v. Saul*, No. 4:19-CV-00103-P-BP, 2020 WL 444468, at *5 (N.D. Tex. Jan. 13, 2020) (citing cases), *adopted by* 2020 WL 434578 (N.D. Tex. Jan. 28, 2020) (Pittman, J.). The United States Supreme Court recently granted *certiorari* to resolve a circuit split on this issue. *See Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020), *cert. granted*, No. 20-105, 2020 WL 6551772 (U.S. Nov. 9, 2020); *Carr v. Comm'r, SSA*, 961 F.3d 1267 (10th Cir. 2020), *cert. granted sub nom. Carr v. Saul*, No. 19-1442, 2020 WL 6551771 (U.S. Nov. 9, 2020).

Plaintiff first argues that the ALJ failed to apply proper legal standards in determining that she engaged in SGA. Doc. 19 at 2-5. Defendant responds that the ALJ held the record open for seven months to receive the identity theft and tax return paperwork that Plaintiff claims exists but failed to submit. Doc. 20 at 9. Defendant argues that Plaintiff instead attempts to shift the burden to the Commissioner to gather evidence for her. Doc. 20 at 9. Defendant concludes that the ALJ's determination was proper given Plaintiff's failure to prove that she did not engage in SGA in the year 2017. Doc. 20 at 11-12. Upon consideration, however, the Court agrees with Plaintiff for the reasons that follow.

A claimant who engages in SGA is not disabled regardless of her medical condition, age, education, or work experience. 20 C.F.R. § 416.920(b). Gainful work activity is "work [done] for pay or profit." *Id.* § 416.972(b). Generally, if a claimant worked for substantial earnings, the SSA will find that the claimant engaged in SGA. § 416.974(a)(1). The SSA sets forth guidelines by which substantial earnings are determined. In 2017, an employee's "countable earnings" above an average of $1,170 per month — for an annual income of at least $14,040 — were deemed substantial. *See* Program Operations Manual System, DI 10501.015(B), https://secure.ssa.gov/apps10/poms.nsf/lnx/0410501015 (last accessed on Nov. 19, 2020).

When a claimant is self-employed, however, the analysis is different. First, substantial income means "countable income." *See id.* Countable income is computed by deducting the claimant's normal business expenses from her gross income to determine net income and then deducting various other expenses. 20 C.F.R. § 416.975(c). The resulting amount is then compared with the earning guidelines in section 416.974(b)(2). *Id.*

5

Second, the SSA will not consider income alone in determining whether a self-employed claimant engaged in SGA.  *Id.* § 416.975(a).  Rather, the SSA makes that determination by applying the following three tests:

> Test One: The claimant rendered services that are significant to the operation of the business and received a substantial income from the business.
>
> Test Two: The claimant's work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in her community who are in the same or similar businesses as their means of livelihood.
>
> Test Three: The claimant's work activity, although not comparable to that of unimpaired individuals, is clearly worth more than an average monthly wage set forth in the regulations when considered in terms of its value to the business, or when compared to the salary that an owner would pay an employee to do the same work.

*See id.* § 416.975(a)(1)-(3).

While Defendant correctly states Plaintiff has the burden of proof at step one of the sequential evaluation process, the ALJ must still comply with the relevant regulations in reaching a conclusion.  *Greenspan*, 38 F.3d at 236.  In this case, the ALJ did not even apply Test One to Plaintiff's purported self-employment.  Specifically, the ALJ did not address whether Plaintiff rendered services that are significant to the operation of the business and received substantial income therefrom.  *See* § 416.975(a)(1).  Indeed, the ALJ never inquired about the nature of Plaintiff's self-employment, Plaintiff denied ever being self-employed in 2017, and there was no clarifying evidence in the record.

Even assuming that there was such evidence, however, the ALJ entirely sidestepped section 416.975(c)'s requirements for computation of self-employment countable income.  Instead, the ALJ merely combined plaintiffs $1,334.34 earnings from Wal-Mart and $13,491 earnings from her purported self-employment and, based solely on the resulting gross income of $14,825.34, determined that Plaintiff had engaged in SGA in 2017.  Doc. 15-1 at 119.  The ALJ

6

failed to deduct business expenses or any other listed expenses as required by section 416.975(c).[3]

Because the ALJ failed to sufficiently develop the record and make the required findings under section 416.975, the Commissioner's final decision was not based on substantial evidence and must be remanded for further proceedings. *See Camp v. Astrue*, No. 4:11-CV-00866-Y, 2012 WL 6931704, at *11 (N.D. Tex. Dec. 12, 2012), *adopted by* 2013 WL 300919 (N.D. Tex. Jan. 25, 2013) (Means, J.) (reversing and remanding where the ALJ failed to correctly apply the self-employment SGA analysis); *Brown v. Astrue*, No. 3-07-CV-1095-N, 2008 WL 5232797, at *4 (N.D. Tex. Dec. 12, 2008) (Godbey, J.) (same); *Schlosser v. Astrue*, 546 F.Supp.2d 664, 669 (E.D. Mo. 2007) (same); *Gaudreau v. Commissioner of Social Sec.*, 160 F.Supp.2d 285, 293–94 (D. Conn. 2001) (same).

The Court need not reach Plaintiff's claims that the ALJ committed error by failing to reference the alleged theft of Plaintiff's identity and consider both her monthly and yearly earnings in determining whether a 12-month period free of SGA existed. Doc. 19 at 2-5. An appropriate section 416.975 analysis on remand, based on sufficient record evidence, should settle those and any other issues. *See* 20 C.F.R. § 416.1483 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim, "whether or not they were raised in the administrative proceedings leading to the" Commissioner's final decision).

---

[3] The ALJ also did not apply Tests 2 and 3 as required by Social Security Ruling 83-34. *See* SSR 83-34, 1983 WL 31256, at *2 ("**POLICY STATEMENT**: SGA determinations for self-employed persons are based on three tests, all of which must be considered before it can be established that the self-employed person is not or was not engaged in SGA.") (emphasis in original).

## IV.  CONCLUSION

For the foregoing reasons, it is recommended that Plaintiff's construed motion for summary judgment, Doc. 19, be **GRANTED** to the extent set forth above, Defendant's *Cross-Motion for Summary Judgment*, Doc. 20, be **DENIED**, the Commissioner's decision be **REVERSED**, and this case be **REMANDED** for further proceedings consistent with the Court's rulings.

**SO RECOMMENDED** on November 25, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).